## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VOUND COLORADO, LTD., and<br>VOUND, LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 21-849-LPS-SRF |
| | ) | |
| E-HOUNDS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION[1]

Presently before the court in this action for trademark infringement and breach of contract is defendant E-Hounds, Inc.'s ("Defendant") motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(3).[2] (D.I. 10) For the following reasons, Defendant's motion to dismiss is DENIED.

## I.   BACKGROUND

Plaintiffs Vound Colorado, Ltd. ("Vound Colorado") and Vound, LLC ("Vound;" together with Vound Colorado, "Plaintiffs") initiated this trademark action pursuant to 15 U.S.C. § 1125 on June 14, 2021. (D.I. 1) Plaintiffs maintain their principal place of business in Scottsdale, Arizona. (D.I. 1 at ¶¶ 1-2) Vound Colorado is incorporated in Colorado, and Vound is incorporated in Delaware. (*Id.*) Defendant is a Florida corporation with its principal place of business in Palm Harbor, Florida. (*Id.* at ¶ 4) Plaintiffs and Defendant are in the business of providing computer forensics services. (*Id.* at ¶¶ 3, 5)

---

[1] On January 6, 2022, the parties consented to the jurisdiction of the undersigned judicial officer for purposes of resolving the instant motion to dismiss. (D.I. 27)

[2] The briefing and related filings associated with the pending motion to dismiss are found at D.I. 11, D.I. 16, D.I. 17, and D.I. 18.

Plaintiffs develop and sell a family of digital forensic products under the Intella® brand. (D.I. 1 at ¶ 11)  Plaintiffs' Intella® software products are protected by U.S. Trademark Registration No. 5,787,612 ("the '612 Registration").  (*Id.* at ¶ 12)  The Vound trademark is not registered, but the complaint alleges that Plaintiffs have accrued common law rights in the unregistered mark through its extensive use of the mark in connection with its sales and distribution of its software products.  (*Id.* at ¶ 15)

In the complaint, Plaintiffs allege that Defendant bought licenses to use Plaintiffs' Intella® Pro and Intella® Connect software programs in 2011 and 2014, subject to the terms of the Software License Agreement ("SLA").  (D.I. 1 at ¶¶ 17-18)  Plaintiffs provided Defendant with a USB "Dongle" for each of the two Intella® software programs to enable the software.  (*Id.*)  Defendant also purchased an annual Support and Maintenance Agreement from Plaintiffs for the duration of each of the licenses between 2011 and 2020.  (*Id.* at ¶ 20)

The SLA provides that, "[b]y using, copying or distributing all or any portion of our software, you accept all of the terms and conditions of this Agreement. . . .  If you do not agree to the terms of this Agreement, you may not use the Software."  (D.I. 1, Ex. A at Preamble)  To prevent the unauthorized use of the Intella® software, the SLA explains that use of the Dongle is required:

> Subject to the terms and conditions of this Agreement, including without limitation payment of the license fee . . . Vound grants to You a non-exclusive, non-transferable, limited right to Use the Software, in object code form only, and associated Documentation, solely for Your internal business purposes. . . . You may Use the Software on any device connected to the USB device (the "Dongle") issued by Vound.  Vound will only issue one Dongle in connection with this Agreement.  Except as otherwise set forth in the Maintenance and Support Agreement, Vound will not replace lost, stolen or damaged Dongles.

(D.I. 1, Ex. A at ¶ 2)  The SLA also contains a forum selection clause specifying that

> [t]his Agreement is made under, shall be governed by and construed in
> accordance with, the laws of the State of Delaware, U.S.A., excluding its choice
> of law provisions. Courts located in the State of Delaware shall have exclusive
> jurisdiction over any Action seeking to enforce any provision of, or based upon
> any right arising out of, this Agreement. You and Vound irrevocably submit to
> the personal jurisdiction of such courts, waive any objection to venue and consent
> to service of process by registered mail[.]

(D.I. 1, Ex. A at ¶ 16)

In November 2020, Plaintiffs discovered that Defendant modified the Intella® software

to suggest that Defendant was the developer and seller of the software, in violation of the SLA.

(D.I. 1 at ¶¶ 26-31) At the same time, Plaintiffs discovered that Defendant obtained an

unauthorized Dongle and established sub-domains on its website to host at least four

unauthorized instances of Intella® software for its customers. (*Id.* at ¶¶ 34-35, 42-44)

## II.   LEGAL STANDARD

A defendant seeking to dismiss a case for improper venue under Rule 12(b)(3) bears the

burden to establish that venue is improper. *See Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724-

25 (3d Cir. 1982); *Graphics Prop. Holdings Inc. v. Asus Computer Int'l, Inc.*, 964 F. Supp. 2d

320, 324 (D. Del. 2013). Generally, "venue provisions are designed . . . to allocate suits to the

most appropriate or convenient federal forum." *Brunette Mach. Works, Ltd. v. Kockum Indus.,

Inc.*, 406 U.S. 706, 710 (1972). Pursuant to 28 U.S.C. § 1391(b), venue is proper in: (1) a

judicial district in which any defendant resides; (2) a judicial district in which a substantial part

of the events or omissions giving rise to the claim occurred; or (3) any judicial district in which

any defendant is subject to the court's personal jurisdiction. 28 U.S.C. § 1391(b).

In considering a motion to dismiss for improper venue, the court accepts as true the

allegations in the complaint, "although the parties may submit affidavits in support of their

positions," and the court must "draw all reasonable inferences and resolve all factual conflicts in

the plaintiff[']s favor." *Leor v. Gil*, C.A. No. 15-732-GMS, 2016 WL 1718222, at *3 (D. Del. Apr. 27, 2016) (quoting *Giuliano v. CDSI Holding Co.*, 2014 WL 1032704, at *1 (E.D. Pa. Mar. 17, 2014)); *see also Bookman v. First Am. Mktg. Corp.*, 459 F. App'x 157, 158 n.1, 160 (3d Cir. 2012). Objections to venue are waivable in the form of a valid forum selection clause. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013) ("[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases."); *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 87 (3d Cir. 2006) (acknowledging that objections to venue are waivable).

## III. DISCUSSION

### A. Validity and Enforceability of the SLA

Defendant begins its argument by suggesting that this court lacks personal jurisdiction under the legal standard applicable to a Rule 12(b)(2) motion.[3] (D.I. 11 at 6-12) The substance of Defendant's argument regarding specific personal jurisdiction is limited to the validity and enforceability of the SLA and the forum selection clause contained therein. (*Id.* at 8-11) Specifically, Defendant argues that the SLA has no obvious connection to Defendant because it lacks details such as the Defendant's name and the circumstances of its creation and acceptance. (*Id.* at 9-10)

---

[3] Pursuant to Rule 12(b)(2), the nonmoving party bears the burden of showing the basis for jurisdiction. *See Power Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 369 (D. Del. 2008). The plaintiff need only establish a prima facie case of personal jurisdiction, which may be established by showing sufficient contacts between the defendant and the forum state. *See O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *Mellon Bank (E) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). "When reviewing a motion to dismiss pursuant to Rule 12(b)(2), a court must accept as true all allegations of jurisdictional fact made by the [nonmoving party] and resolve all factual disputes in the [nonmoving party's] favor." *Monsanto v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 636, 642 (D. Del. 2006).

In considering Defendant's motion to dismiss, the court accepts the pleaded allegations as true. *See Bookman*, 459 F. App'x at 158 n.1, 160.  The complaint alleges that Defendant agreed to personal jurisdiction in Delaware by executing the SLA.  (D.I. 1 at ¶ 9)  The SLA contains a forum selection clause providing that Delaware courts have exclusive jurisdiction over litigation arising from enforcement of the SLA.  (D.I. 1, Ex. A at ¶ 16)  The personal jurisdiction requirement is waivable, and parties to a contract may voluntarily consent to personal jurisdiction by agreeing to a forum selection clause. *See Bus Air, LLC v. Woods*, C.A. No. 19-1435-RGA-CJB, 2019 WL 6329046, at *15–16 (D. Del. Nov. 26, 2019), *report and recommendation adopted*, 2019 WL 8137577 (D. Del. Dec. 17, 2019); *see also Eastman Chem. Co. v. AlphaPet Inc.*, C.A. No. 09-971-LPS-CJB, 2011 WL 6004079, at *4 (D. Del. Nov. 4, 2011) (citing *Res. Ventures, Inc. v. Res. Mgmt. Int'l, Inc.*, 42 F. Supp. 2d 423, 431 (D. Del. 1999) ("When a party is bound by a forum selection clause, the party is deemed to have expressly consented to personal jurisdiction.")).

The existence of a valid forum selection clause obviates the need to perform a jurisdictional analysis under the Delaware long-arm statute and Due Process Clause. *See Truinject Corp. v. Nestle Skin Health, S.A.*, C.A. No. 19-592-LPS-JLH, 2019 WL 6828984, at *8 (D. Del. Dec. 13, 2019) (citing *Solae, LLC v. Hershey Canada, Inc.*, 557 F. Supp. 2d 452, 456 (D. Del. 2008)).  But Defendant challenges the validity and enforceability of the SLA because the agreement does not identify Defendant as a contracting party or specify the dates and circumstances of the SLA's creation and acceptance.  (D.I. 11 at 8-9)  Defendant also

emphasizes the inconspicuous location of the forum selection clause within the SLA.[4]  (*Id.* at 10-

11)

Defendant has not carried its burden to show that the forum selection clause in the SLA is

not valid or enforceable.  *See M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)

(concluding that a forum selection clause should be enforced unless there is a "strong showing

that it should be set aside," and the party challenging the clause bears the burden of establishing

its unenforceability).  The complaint alleges that "Defendant agreed in the [SLA] that courts

located in the state of Delaware shall have exclusive jurisdiction over any action based upon any

right arising out of the SLA," and "Defendant conceded personal jurisdiction by agreeing to the

SLA." (D.I. 1 at ¶¶ 8-9)  The complaint further alleges that Defendant purchased a license to use

the Intella® Software governed by the terms of the SLA, and then violated those terms by

modifying the Intella® Software.  (*Id.* at ¶¶ 21, 30)  It is reasonable to infer from these

allegations that Defendant clicked to accept the terms of the SLA.[5]  *See Micro Focus (US), Inc.*

*v. Ins. Servs. Office, Inc.*, 125 F. Supp. 3d 497, 500 (D. Del. 2015) (rejecting argument that click-

wrap agreement was unenforceable at the pleading stage because defendant's acceptance of the

click-wrap agreement could be inferred from pleaded allegations that defendant used the

---

[4] Defendant's suggestion that the forum selection clause is unenforceable because it is "buried"
in the last paragraph of the SLA is without merit.  (D.I. 11 at 10-11; D.I. 18 at 3-4)  The SLA is
four pages in its entirety.  (D.I. 1, Ex. A)
[5] The pleaded allegations are sufficient by themselves to give rise to a plausible inference that
Defendant accepted the terms of the SLA.  Nonetheless, "[t]he court may examine facts outside
the complaint to determine proper venue, but must draw all reasonable inferences and resolve all
factual conflicts in the plaintiff[']s favor."  *Fellner v. Phila. Toboggan Coasters, Inc.*, 2005 WL
2660351, at *1 (E.D. Pa. Oct. 18, 2005) (citing *Heft v. AAI Corp.*, 355 F. Supp. 2d 757, 762
(M.D. Pa. 2005)).  Here, the Declaration of R. Peter Mercer provides additional support for
denying Defendant's Rule 12(b)(3) motion by establishing that Defendant's acceptance of the
SLA was required before installation of the Intella® Software could occur.  (D.I. 17, Ex. 1)  The
declaration further includes evidence of Defendant's payment for use of the software.  (*Id.*, Ex.
2)

software). Drawing all reasonable inferences in Plaintiffs' favor in accordance with the Rule 12(b)(3) standard, these allegations are sufficient to plausibly plead the validity of Defendant's consent to the terms of the SLA. *See Bookman*, 459 F. App'x at 158 n.1, 160.

Defendant acknowledges that the absence of Defendant's signature on the SLA is not enough to render the click-wrap agreement unenforceable. (D.I. 18 at 2); *see Juju, Inc. v. Native Media, LLC*, C.A. No. 19-402-CFC-CJB, 2020 WL 3208800, at *9 n.6 (D. Del. June 15, 2020) (finding allegations were sufficient to plausibly plead assent by each side, despite lack of signatures, where agreement was a click-wrap agreement and complaint alleged that defendants consented by clicking boxes). And express allegations that Defendant clicked the accept button are not required where, as here, it is reasonable to infer from the complaint that Defendant accepted the SLA's terms to use the Intella® Software. *See Micro Focus*, 125 F. Supp. 3d at 500. Indeed, courts have held that a plaintiff is not required to allege detailed facts supporting the validity and enforceability of a forum selection clause because it is the defendant who bears the burden of establishing the invalidity of the forum selection clause. *Eastman Chem. Co. v. AlphaPet Inc.*, C.A. No. 09-971-LPS-CJB, 2011 WL 6004079, at *4 (D. Del. Nov. 4, 2011) (internal citations omitted). At this stage of the case, the forum selection clause is presumed to be valid. *See QVC, Inc. v. Your Vitamins, Inc.*, 753 F. Supp. 2d 428, 432 (D. Del. 2010) ("Forum selection clauses are presumptively valid and are entitled to great weight."). Applying the Rule 12(b)(3) standard, the court accepts as true the pleaded allegations that Defendant accepted the terms of the SLA. *Leor v. Gil*, C.A. No. 15-732-GMS, 2016 WL 1718222, at *3.

### B. Venue

Defendant argues that this case must be dismissed pursuant to Rule 12(b)(3) or transferred pursuant to 28 U.S.C. § 1406(a) because there is no dispute that Defendant does not

satisfy the statutory criteria of § 1391(b).  (D.I. 11 at 13-14)  Here, however, the complaint

alleges that Defendant agreed to litigate any actions arising from the SLA in Delaware, and the

SLA expressly provides that "[c]ourts located in the State of Delaware shall have exclusive

jurisdiction over any Action seeking to enforce . . . this Agreement.  You and Vound irrevocably

submit to the personal jurisdiction of such courts, [and] waive any objection to venue[.]"  (D.I. 1

at ¶ 9; Ex. A at ¶ 16)  Because Defendant allegedly waived its objection to venue, the action may

proceed in this district "even though venue would not otherwise be proper under section 1391."

*Howmedica Osteonics Corp. v. Howard*, 2020 WL 1102494, at *5 (D.N.J. Jan. 17, 2020)

(quoting *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 375 (D.N.J. 2000)).

Consequently, Defendant's motion to dismiss or transfer for improper venue under Rule 12(b)(3)

and § 1406(a) is denied.

### C.  Forum *Non Conveniens*

In the alternative, Defendant argues that this case should be dismissed because Delaware

is a forum *non conveniens* for the parties under 28 U.S.C. § 1404(a).  (D.I. 11 at 14-16)  Section

1404(a) gives district courts the authority to transfer venue "[f]or the convenience of parties and

witnesses, in the interests of justice . . . to any other district or division where it might have been

brought."  28 U.S.C. § 1404(a).  Defendant contends, and Plaintiffs do not dispute, that this

action could have been brought in the Southern District of Florida.  (D.I. 11 at 15; D.I. 16 at 9

n.1)

In the Third Circuit, courts are guided by the twelve public and private interest factors

identified in *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  But when a valid

forum selection clause applies to a dispute, the court does not consider arguments about the

parties' private interests because these factors are deemed "to weigh entirely in favor of the

preselected forum." *Atl. Marine*, 571 U.S. at 64; *see In re McGraw-Hill Global Education Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). "Because [public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Atl. Marine*, 571 U.S. at 64.

Public interest considerations under *Jumara* include (1) the enforceability of the judgment; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two for a resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Jumara*, 55 F.3d at 879-80. Defendant does not specifically address any of these public interest factors in support of its motion. Instead, Defendant argues that: (1) Plaintiffs lack a significant connection to Delaware; (2) key evidence and witnesses are located elsewhere; and (3) "all parties will be inconvenienced and quite possibly oppressed." (D.I. 11 at 15-16) These considerations are directed to private interest factors such as the convenience of the parties, the convenience of the witnesses, the location where the claim arose, and the location of books and records. *Jumara*, 55 F.3d at 879. The Supreme Court has expressly rejected consideration of these factors when faced with a forum selection clause because the parties "waive[d] the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." *Atl. Marine*, 571 U.S. at 64 (noting that "[o]nly that initial choice deserves deference" when the parties agreed by contract to bring suit in a specific forum). Consequently, Defendant's motion under § 1404(a) is denied.

9

IV.   **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss is DENIED.  (D.I. 10)

Defendant shall file an answer to the complaint within one week from the date of this

Memorandum Opinion.  An Order consistent with this Memorandum Opinion shall issue.

Dated: March 8, 2022

_____
Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE